IN THE UNITED STATES MIDDLE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| Cary w. Drake | ) | TITLE 15 U.S.C. |
| | ) | §1692 et seq. |
| Plaintiffs | ) | |
| | ) | FAIR DEBT COLLECTION |
| | ) | PRACTICES ACT TITLE 15 |
| vs. | ) | U.S.C. §1692 et seq. |
| | ) | |
| Wells Fargo Bank,N.A. | ) | |
| Jeremy Doppelt | ) | |
| PowersKirn | ) | |
| | ) | EMERGENCY DECLARATORY |
| | ) | AND INJUNCTIVE RELIEF |
| | ) | TO VOID and REVERSE, |
| | ) | THE SALE BASED UPON |
| | ) | FRAUDULENTLY |
| | ) | CREATED MORTGAGE |
| | ) | DOCUMENTS and VOID |
| | ) | THE JUDGMENT PURSIUNAT TO |
| | ) | F.R.C.P. 6Ob (2) (3) (4) |
| | ) | (Extrinsic Fraud) |
| | ) | |
| | ) | COMPLAINT |

**COMPLAINT**

**I. INTRODUCTORY STATEMENT**

1

**NOW COMES, Cary W. Drake (hereinafter referred to as "CD" or Plaintiff)** and files this complaint for violations of Title 15 U.S.C. §1692 et seq. Fair Debt Collection Practices Act, and Emergency Declaratory Judgment and Injunctive Relief, to Void the eviction that was based upon forged and extrinsic fraudulent documents and the wrongful sale of Plaintiff's property on May 4, 2016 in a conspiratorial enterprise by named Defendants and unnamed defendants. The foreclosing documents were created by Defendant PowersKirn under the fraudulent documents respondeat superior relationship and control of Wells Fargo Bank N.A with a prearranged purchaser Jeremy Doppelt. This Court has the authority and power to give relief to this Plaintiff under the fraudulent extrinsic evidence and fraud upon the honorable Court making this sale reversible. based upon the proffered fraudulent documents by Wells Fargo Bank, N.A. PowersKirn and Jeremy Doppelt for the institution of a wrongful foreclosure and to further enjoin Defendants from evicting the Plaintiff from his house by granting a Temporary Restraining Order from eviction, and schedule a new trial pursuant to F.C.P.R. 59 and in furtherance hereby state as follows:

## I. INTRODUCTION

- This is a civil rights action under 42 U.S.C. §1983 for violations of Plaintiff's constitutional rights as enumerated under the First, Fifth, Seventh and Fourteenth Amendments to the United States Constitution.
- Plaintiff's invokes the Power of this Court's rights for the deprivation of Plaintiff's Due Process rights; deprivation of Plaintiff's right to redress grievances and access to court; deprivation of Plaintiff's right to property; and for the deprivation of Plaintiff's right to have a Trial by Jury, as afforded under the First, Fifth, Seventh, and Fourteenth Amendments of the United States Constitution, and, as found in the New Jersey State Constitution.
- Plaintiff likewise seeks redress for violations by the Defendants as afforded Plaintiff under Title 15 U.S.C. §1692 et seq. and state applicable consumer laws to be included in Plaintiff's Complaint and the Affidavit from an officer of Mortgage Defense System[1] proving that this case and the wrongful foreclosure and the coming eviction were based based upon forged and fraudulent documents.
- Additionally, Plaintiff invokes this Court's authority to determine salient questions of contract: including, but not limited to, controversies arising out of fraudulent and forged documents and misrepresentations to the court.
- Plaintiff also invokes this Court's authority to order an adversarial hearing on the intentional and malicious use of forged and fraudulent documents in an attempt to deny Plaintiffs their procedural and substantive due process rights.
- Plaintiff lastly invokes this Courts authority under Title 15 U.S.C. § 1692(e)(k) .

---

[1] Mortgage Defense System (Hereinafter MDS) is a private neutral forensic auditing company that provides services to all participants in the foreclosure process including homeowners, attorneys and creditors. Our only concerned is providing only true and accurate information to our clients.

3

## II. JURISDICTION AND VENUE

- This action arises under the United States Constitution, particularly, for violations of Plaintiffs' rights under the First, Fifth, Seventh and Fourteenth amendments; and, under Federal Law, as enumerated under 28 U.S.C. §§2201, 2202 and, 42 U.S.C. §§1983 and 1985.

- This Court has original jurisdiction over Plaintiff's claim by operation of 28 U.S.C. §§1331 and, supplemental jurisdiction over Plaintiff's state Claims, pursuant to 28 U.S.C. §1367.

- This Court is vested with authority to issue the requested Declaratory Relief, pursuant to 28 U.S.C. §2201 and, as further under Rule 57, of the Federal Rules of Civil Procedure.

- This Court has the authority to issue relief from a Judgment under Federal Rules of Civil procedure 60(b) (4) and pursuant to 28 U.S.C. §§2201 and 2201.

- This Court has the authority to award the requested Injunctive Relief, under Rule 65 of the Federal Rules of Civil Procedure, and pursuant to 28 U.S.C. §§2202.

- This Court has the authority to award Plaintiffs, damages arising under violations of Title 15 U.S.C. §1692 §1692k(d). The jurisdiction of this Court is not disputed.

- This Court has authority to award Plaintiff damages under 28 U.S.C. §1343(a)(1)(2)(3)and (4).

- This Court has authority to award attorney fees, as to be incurred by Plaintiffs in the near future under 42 U.S.C. §1988.

- Plaintiffs aver venue is proper under 28 U.S.C. §1391 as the claims set forth in this complaint arose here, and because of information and belief of Plaintiff, most if not all of the Defendants are located in and/or maintain a registered office within this venue.

- This Court has the right and duty to invoke sanctions under Federal Rules of Civil Procedure 11 against these Defendants for violating their Professional Codes of Conduct intentionally, and the filing of fraudulent and forged documents in an attempt to steal Plaintiff's property.

- This Court has the authority to void the Deed of Trust under Federal Rules of Civil Procedure 60 (b)(4).

### III. PARTIES

- Plaintiff repeats and incorporates the foregoing Paragraphs of this Civil Action Verified Complaint as if they were printed verbatim herein below.

**Cary W. Drake (hereinafter "CD" and/or "Plaintiff") and at all material and relevant hereto, is a consumer according to Title 15 U.S.C. (§1692(a) (3)**

**[§803(3)] and is identified under §1692e (§807) as a "least sophisticated consumer" or even possibly the "least susceptible consumer" under (§1692(f) [§808] according to the act, 408 Main Street 502, Booton, N.J. 07005.**

- At all times material and relevant hereto, Plaintiff is alleged to have owed a "debt" ("transaction") of a personal, family, and/or household nature as defined by the FDCPA, Title 15 U.S.C. §1692a(5) [§803(5)].

- At all times material and relevant hereto, Defendant Jeremy Doppelt, Esquire (hereinafter "JD") have advanced and willfully, deliberately, intentionally with malicious participated in a well organized plan to purchase foreclosure homes when JD knew or should have known that the home being purchased on May 4, 2016 was the home of Plaintiff and JD knew or had privileged information that the home was being sold at a great reduced price and that his financial rewards would be enormous. Jeremy Doppelt is the owner of Jeremy Doppelt Realty Management, LLC makes a living by purchasing foreclosed homes thereby assisting in the foreclosure process when he knows or should know that the Drake documents were fraudulently created and is defined as a Debt Collector pursuant to 15 U.S.C. §1692a(6),[§803(6)] for his assistance in the illegal foreclosure process by purchasing a fraudulent debt §1692a(5) from Plaintiff pursuant to §1692a(3) and is not exempt under §1692a(6)(F)(iii),[§803(6)(F)(iii).

- At all times material and relevant hereto POWERSKIRN, (hereinafter known as PK) Attorney law firm, a debt purchasing company misrepresented to the Court that were representing Wells Fargo Bank, N.A. when in reality PK had purchased the fraudulent created debt instruments and list their address as 728 Marne Highway , Suite 200, Moorestown, NJ 08057 and is vicariously liable in their personal capacity by producing forged and fraudulent documents in an attempt to illegally take the Plaintiff's home through an illegal foreclosure actions turning the property over the property to Defendant JD and/or Jeremy Doppelt Realty Management, LLC in a respondent superior relationship under the direct orders from PK To create the appearance of arm length for the liquidating of the property and then received a commission on the sale.

## IV.  BRIEF HISTORY OF THE CASE

- On/or about July 10, 2016 the Plaintiff's first became aware of document examinations being performed by Mortgage Defense Systems, having their address as Mortgage Defense Systems, 275 Cumberland Parkway , Mechanicsburg, Pa. 17055 #275 and their services was retained on/or about July 19, 2016.
- On/or about July 20, 2016 Mortgage Defense System (hereinafter known as MDS) has determined that JB, MB and PM documents attached to JB's complaint filed by AW on Feb. 3, 2016 were to the highest degree of certainty produced

through forgeries and fraudulent cloning, importing, duplicating, cut and paste methods to foreclose on the property of Plaintiffs.

- JB and AW through the orders of MB and PM intentionally, deliberately concealed that the Attached Exhibit "A" and Exhibit "B" to the complaint filed by AW on February 3, 2016 were forged and fraudulently created.

- MDS will testify in Court and to a high degree of certainty that the two documents in question were created by the use of "Photoshop" a software package that creates and detect forgery and fraudulent manipulation of forged signatures, proving the fraud has been perpetrated upon this court.[2]

- The Forensic Document Examiner, from MDS will be able to support the findings that were found in this case and will state under cross-examination in any court, and to the highest degree of certainty, that both documents were procured through forgery and fraud.

- JB, AW, MB, PM breached the terms and conditions of the Mortgage Note by breaching their own terms and conditions of their own Deed of Trust and Promissory Notes or contracts[3] in paragraphs D,F H, and M.

- The named defendants are misrepresenting to this Plaintiff and this Court by the fact that Plaintiffs have never promised or agreed to the following agreement, "In

---

[2] MDS has provided the Plaintiff's with copies of several other cases that equipment failure did not prevent the production and creation of these samples proving the importation and manipulation of signatures.

[3] This is a contract dispute and no more and without the production of both original notes as outlined in the terms and conditions the alleged contract has been breached and through spoliation the notes has been destroyed making them void and/or nullity and uncollectable.

return for a loan that I have received, I promise to pay in U.S. dollars $139,801.00," to which Plaintiffs object for the Plaintiffs have never executed any legal indebtedness instrument. And if Defendants are trying to use forged and fraudulent documents they would only be representing contingent and an illegal cognovit note.

- The named defendants have operated in concert knowingly or unknowingly in a conspiratorial fashion to cause substantial injury to Plaintiffs and increase their income many times over.

- The signatures on the signature pages of the Note and Mortgage Note were created through clone duplication, cut and paste, compression ratio of 15 to 1, 18 to 1 and/or 20 to 1.

## V.  FIRST CLAIM FOR RELIEF

### FALSE AND MISLEADING US OF THE MAIL FRAUD

Plaintiff hereby incorporates all the paragraphs above herein as if they were spoken word for word herein.

- Defendants WB, PK AND JD, under a direct order from PK to use the U.S. Mail for the purpose of executing a scheme or artifice to defraud Plaintiffs of property by mailing forged and fraudulently created documents to the Plaintiffs have thus violated U.S.C. §§ 1692d(1), 1692 e(5) (10).

- Defendants WB, PK AND JD under direct order from JD made false misrepresentations to Plaintiff through the use of the U.S. Mail to obtain money or property which is a violation of 15 U.S.C. §§ 1692e(2)(A), 1692e(5) (10) and §1692e(4, [807 (4)] by using the U.S. Mail to send forged and fraudulent Promissory Note, Mortgage Note AND eviction notices.

- Defendants WB, PK AND JD under orders from the respondent's superior s PK and JD, have violated Title 15 U.S.C. §1692 e(10) by repeatedly employing fraudulent schemes and intentionally, deliberately, willfully and in a conspiratorial enterprise knew and intended to mislead Plaintiff in an attempt illegally obtain possession of Plaintiff's property through the creation of forged and fraudulently created documentations thus violating 15 U.S.C. §§1692e(10) and Title 15 U.S.C. §1692e (13);[§807(13)] by falsely implying that their documents are originals and that they represent a legal process.

- Defendants WB, PK & JD knew or should have known that the FDCPA strictly prohibits mailing forged and fraudulently created documents threatening or instituting procedures to seize, sell, or garnish the debtor's property when no legal authority existed to exercise such action and in the process have violated Title 15 U.S.C. § 1692d(1), [§806(1)], 1692e(5),e (2) (A), e(4) (10).

## VI. SECOND CLAIM FOR RELIEF

# **FORGERY AND FRAUDULENT CREATION OF THE DEED OF TRUST**

- Plaintiff hereby incorporates the above paragraphs as if they were stated herein verbatim.
- MDS has supplied a current list of the current equipment that was used to expose the intentional and enterprising endeavors of these defendants in their illegal attempt to enforce a forged and fraudulent Mortgage Note which amounts to no more than theft.[4]
- Without the consent and signature of the Plaintiffs, the enforcement of the Mortgage and Note cannot be enforced and JD was notified by MDS that the attached exhibits in said foreclosure case were forged and fraudulently produced and warned JD that he would be complacent in the illegal foreclosure and would be liable.
- Gary Michaels has proven through the "pink lines" that the documents used and produced by these named defendants were forged and fraudulently produced.

---

[4] The professional equipment used by MDS in this current case, TP vs. Defendants are as follows, Trinocular Stereo Microscope SE 305-15-45/ MiScope UVIR Ultra Violet Infra-Red Full Spectrum Comparator, / Photographic Macro Close up 40X with CM Pixel Analysis/ Pro-Scope Mobile Photographic Microscope/ Zarebeco Portable spectrum Comparator/ Nikon Digital spectrum UVIR HD Camera 105 mm Lens Macro Close Up/ Forensic Beta Photographic Meta Data analysis Imaging Clone Detection Software. The parameters of my analysis that I used in this scientific forensic examination and investigation is in accordance with the guidelines standard of the ASTM, American Society of Testing Materials E2290-07 formerly governed under the jurisdiction E30.02. (The new equipment has arrived and is operational but because of no fault of our own the new equipment is not capable of printing the results but we have expert installers attempting to fix the problem.

- The Documents examined by MDS and the following assignments, promissory note and deed of trust, notaries are forged[5], cloned and are to a high degree of certainty fraudulent created documents using the Photoshop software and other software products.
- WB, PK and JD are attempting to collect upon a contingent and an illegal vapor Note and Mortgage Note that is not in compliance with the negotiability and enforcement provisions of the documents themselves.

  ** The Defendants knew or should have known that their actions were based upon forged and fraudulent documents forcing Plaintiffs to spend thousands of dollars trying to save their home from these violators of the FDCPA and violating and not limited to Title 15 U.S.C. §1692 §§1692d(1), [§806d(1)] §1692e(2)(A) [§807e(2)(A)], §1692e(3)[§807e(3)], §1692e(4)[§807e(4),] §1692e(5), [§807e(5), §1692e(8)[§807e(8)], §1692e(10)[§807e(10), §1692e(13)[§807(13)], §1692f(1)[§809(1).
- WB, PK and JD have falsely represented to be in legal possession of the original Note and Deed of Trust when in reality it is impossible for the notes to be in two places at the same time and have conspired to use counterfeit documents thus violating all the violations in the paragraph immediately above.
- WB, PK & JD have intentionally and deliberately filed falsified documents with the ROD in an attempt to illegally use this Court as an indirect debt collector

---

[5] The Affidavit of MDS will claim under oath in a court of law that the results of his analysis proves beyond a reasonable doubt and to the highest degree of certainty that JB and other named defendants or their attorneys show that they ever had original documents at all. Their shows heavy document tampering and importation of signatures and forgery and that the documents examined show that they were fraudulently created.

to enforce the non-existent executed Mortgage and Note on/or about May 4th, 2016 but was not discovered until MDS exposed the illegal practices of WB, PK and JD to sell the property under the fraudulent Note and Mortgage Note.

- WB, PK and JD have intentionally altered and misled the true intent of the instrument (Mortgage Note), thereby tricking the Courts into thinking that Plaintiffs should be evicted and Mortgage Defense Systems has proven otherwise.[6]

## VII. THIRD CLAIM FOR RELIEF

## LACK OF PROMISSORY NOTE

- Plaintiffs repeat, allege and incorporate the above referenced paragraphs herein.
- Plaintiff states based upon the expert testimony of Mortgage Defense Systems WB, PK and JD should have a hard time to legally evict when MDS has proven that the notes in questions have been fraudulently created thereby violating all the violations specifically mentioned in double star paragraph.

## VIII. FOURTH CLAIM FOR RELIEF

## FAIR DEBT COLLECTION PRACTICES ACT

- Plaintiffs repeat, allege and incorporate the above referenced paragraphs herein.

---

[6] MDS has proven that the signatures on these documents were procured through forgeries and fraud thus voiding the alleged document..

- WB, PK and JD have violated Title 15 U.S.C. §1692e (2) (A) by not proving the by violations in paragraph double star and have any legal right to evict Plaintiff.
- The above named Defendants have, intentionally and wantonly conspired together to violate the mentioned violations in paragraph double star and never reviewed the files as required by §1692e(3).
- At all times material and relevant hereto WB, PK and JD have violated all the violations in paragraph double star and Title 15 U.S.C. § 1692f (1) [§808(1)] which broadly prohibits unfair or unconscionable collection activity.
- WB under orders from PK and JD knowingly misrepresented material facts by the use of extrinsic fraud thus giving this Court the legal authority to grant the relief requested.
- §1692e(3),[§807(3)]. PK under orders from JD knowingly misrepresented in the eviction hearing that PK was selling the property for WB when it was really in benefit of PK and liquidated to another participants of this scheme JD thus creating extrinsic fraud giving this court the right under Federal Rules 60 b (2) (3) AND (4) the to protect the interest of this Plaintiff and stop financial detriment of this Plaintiff.

## IX. SIXTH CLAIM FOR RELIEF
## VOID THE COTINGENT NOTE

- Plaintiffs repeat, allege and incorporate the above referenced paragraphs herein.
- In order for the legal evict this aggrieved Plaintiff the defendants do not have any legal documents and are only increasing their liability through this criminal eviction

and will be held accountable and exposed for their illegal participation in this corrupt practices under the guise of practicing law which is quite apparent.

## SEVENTH CLAIM FOR RELIEF

## THE FAIR DEBT COLLECTION PRACTICES ACT

- Plaintiffs repeat, allege and incorporate the above referenced paragraphs herein.
- Plaintiffs demand punitive damages which are offered in all fraud claims.
- That judgment be entered against WB, PK and JD for actual damages (Ten Million Dollars) pursuant to 15 U.S.C. § 1692k (a) (1);
- Plaintiffs pray that judgment be entered against aggregate defendants for statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A);
- Plaintiffs pray that the Court awards costs and reasonable attorney's fees (when and if applicable) pursuant to U.S.C. §1692k(a)(3);
- This Court must accept all the allegations in this Complaint as true and this Court must admit there are at least six claims for Relief that can be granted and all it takes is one claim or one violation to survive a Motion to Dismiss.
- MDS is prepared to bring all the equipment used in the process herein and will substantiate the same findings in any court of law by using the forged and fraudulent documents supplied by these defendants.
- Rule that any Order of any Court concerning or based upon these proven Forged and fraudulent documents be stricken in the name of justice and the laws of this country.

Plaintiff reserves the right to submit his supporting brief on why this Court has authority to grant this relief requested under the Supreme Court's ruling in The

public welfare demands that the agencies of public justice be not so impotent that they must always be mute and helpless victims of deception and fraud . . . Mr. Justice Black also said "... tampering with the administration of *justice* as indisputably shown here involves far more than injury to a single litigant. It is a wrong against the institutions set up to protect and safeguard the public, institutions in which fraud cannot complacently be tolerated consistent with the good order of society." See the U.S. Supreme Court case Throckmorton which explains how this Federal Court has the right to grant this Plaintiff relief for violations of this Plaintiff's Constitutional rights because of Fraud upon the Court.

## JUDICIAL NOTICE

"... [Rule 60(b)] stipulates that 'This rule does not limit the power of a court to entertain an independent action . . . to set aside a judgment for fraud upon the court.' The Supreme Court in United States v. Throckmorton... The very affidavit of Mr. Gary Michaels from Mortgage Defense Systems proves extrinsic fraud upon this court and Plaintiff and for this court not to grant the relief requested would be a great travesty of justice when this Plaintiff has already suffered enough at the hands of these trained legal conspirators. "A court may at anytime set aside a judgment for after discovered fraud upon the court. *Hazel-Atlas Glass v. Hartford* . . . Rule 60(b) . . . expressly does not limit the power of a court to entertain an action for that purpose." (Italics added.) [28] The New Jersey Supreme

Court thus has done what the Supreme Court has failed to do, *i.e.,* it has attached a definite understanding to the meaning of the phrase.

## Conclusion

Rule 60(b) can be interpreted in at least three different ways. An independent action to set aside a judgment for fraud

(1) may be grounded only upon extrinsic fraud,
(2) may be grounded upon either extrinsic or intrinsic fraud,
(3) may be grounded only upon extrinsic fraud, except in those instances where intrinsic fraud constitutes "fraud on the court."

Until now, the courts have been concerned with whether or not "fraud on the court" includes at least some instance of intrinsic fraud or whether this phrase is controlled by the *Throekmorton* rule. However, the phrasing of Rule 60(b) permits the suggestion that "fraud on the court" is a ground for invalidation of a judgment different from the ground which will sustain an "independent action."[30] Such a distinction, however, would tend to multiply the already existing confusion.

> The present conflict between the circuits stems from the conflicting decisions rendered by the Supreme Court prior to the adoption of Rule 60(b) and the ambiguity of the term "fraud on the court." The new rule makes it difficult to distinguish the Type of fraud which must be availed of within one year, from fraud on the court, which may be urged at anytime. Why is every fraud not a fraud on the court?
>
> • The amendment ... [makes] ... fraud an express ground or relief by motion; and under the saving clanse, fraud may be urged as a ground for relief by independent action insofar as established doctrine permits.[4] . . . And the rule expressly does not limit the power of the court to give relief under the saving clause. *As an illustration of the situation see Hazel-Atlas Glass Co. v. Hartford Empire Co.* [322 U. S. 238 (1944)]." (Italics added.)

WHEREFORE, Plaintiff MG hereby asks this court to invoke this Judges Oath and Duty as envisioned by our founding fathers. This eviction must be stopped for obvious fatal flaws as supported b y the MDS's Affidavit supporting the allegations of forged and fraudulent created documents by these named defendants and yet to be named defendants for the fraud upon Courts, plaintiff, and against the institutions and your constitutional oath.

Being that irrefutable evidence has been produced before this Court of operating with forged and fraudulent documents thus violating this Plaintiff's right to a fair and impartial trial and based upon this extrinsic fraud this eviction must be stopped in the name of public justice. should prevent any Judge from using presumptive evidence and rule in favor of atto`rneys when forged and fraudulent documents were created and used to steal Plaintiffs property.

### JURY TRIAL DEMANDED.

_____
Cary W. Drake