## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| Cary W. Drake<br><br>;<br><br>               Plaintiff,<br><br>           v.<br><br>Wells Fargo Bank, N. A., Jeremy Doppelt Realty Management, LLC, and Powers Kim LLC<br><br>;<br><br>               Defendants | CIVIL ACTION NO.:<br><br>          *Civil Action*<br><br><br>**JURY TRIAL DEMANDED**<br><br>**DECLARATORY RELIEF FOR DAMAGES BASED UPON FRAUDULENTLY CREATED MORTGAGE DOCUMENTS PURSUANT TO PRIMARILY VIOLATIONS OF 42 U.S.C. §1983 AND 15 U.S.C. §1692** |

### THIRD AMENDED COMPLAINT[1]

Plaintiff, Cary W. Drake, by and through their undersigned counsel, hereby submit this Amended Complaint against Defendants, and in support thereof, states as follows:

### PARTIES

1.      Plaintiff, Cary W. Drake, is an individual who formerly resided in the State of New Jersey, and had a possessory interest in 117 Canoe Brook Parkway, Summit, NJ 07901 ("subject property"), wherein the subject property is encumbered by a security instrument for which, upon Plaintiff' information and belief, is the by-product of a transaction that is fraud *in factum*, unconscionable, predatory (per se), and unenforceable under state, federal, and common law for the matters of fact set forth below.

---

[1] This amendment is not for substantive purposes and only to correct some spelling and grammatical errors that were caught after the filing.

2.      Upon information and belief, Defendants Jeremy Doppelt, Esquire (hereinafter "Doppelt"), is the owner of JDRMDBP-SM LLC and Jeremy Doppelt Realty Management, LLC which is a company organized and existing pursuant to the rules and laws of the State of New Jersey with its principal place of business located at 408 Main Street suite 502, Boonton, NJ 07005.

3.      Upon information and belief, Defendants Powers Kirn LLC (PK) is a firm of attorneys organized and existing pursuant to the rules and laws of the State of Georgia with its principal place of business located at 728 Marne Highway, Suite 200, Moorestown, NJ 08057.

4.      Upon information and belief, Defendants Wells Fargo Bank, N.A. (WFB) is a company organized and existing pursuant to the rules and laws of the State of California with its principal place of business located at Wells Fargo Headquarters 420 Montgomery St. San Francisco, CA 94104 but with an authorized agent located at 4160 Town Center Way, Livingston, NJ 07039.

## JURISDICTION and VENUE

5.      This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331, as this matter involves federal claims arising under federal law, thereby invoking the Court's federal question jurisdiction.

6.      This Court has personal jurisdiction over Defendants, as Defendants have had the requisite minimum contacts with the State of New Jersey and Defendants have and continue to regularly conduct business in the State of New Jersey.

7.      This Court has supplemental jurisdiction over Defendants pursuant to 28 U.S. Code § 1367 for all state claims.

2

8.     Venue lies in the United States District Court for the District of New Jersey, as a substantial part of the property that is the subject of this action is located in the State of New Jersey.

9.     Further, venue lies in the United States District Court for the District of New Jersey, as a substantial part of the events or omissions upon which Plaintiff' claims are based has occurred in the State of New Jersey.

## FACTS COMMON TO ALL COUNTS

1.     At all material and relevant hereto, Plaintiff is a consumer according to Title 15 U.S.C. §1692(a)(3) and is identified under §1692e as a "least sophisticated consumer" or even possibly the "least susceptible consumer" under §1692(f) according to the act.

2.     At all times material and relevant hereto, Plaintiff is alleged to have owed a "debt" ("transaction") of a personal, family, and/or household nature as defined by the FDCPA, Title 15 U.S.C. §1692a(5).

3.     This entire process started because of a fraudulent loan that was apparently created on February 13, 2004 however the versions relied on by Defendants to commence a wrongful Foreclosure action were frauds. (See Exhibit A).

4.     On February 27, 2009; Plaintiff faxed Wachovia Loss Mitigation Department, the predecessor to WFB, a request for assistance.

5.     After almost three months, on May 20 2009; Wachovia send a Loan Mod letter to Plaintiff.

6.     On September 15 2009; Wachovia sent a letter discussing Payment Options.

7.     On September 23, 2009; Wachovia sent a Short Sale letter to Plaintiff, explaining that option.

8.      On October 21, 2009 Wachovia sent a Pre-Foreclosure Reinstatement Quote

9.      On December 15, 2009 without seriously considering anything submitted by Plaintiff, Wachovia sent a letter claiming Plaintiff had declined HAMP as an option.

10.     On January 10, 2010 Titanium Solutions sent a letter to Plaintiff they were retained by the "Servicer".

11.     On January 25, 2010; Plaintiff signed a Short Sale Option Contract.

12.     PK and WFB intentionally, deliberately concealed that documents "Exhibit A" filed by PK with the February 4, 2010 complaint and subsequent motions were forged and fraudulently created.

13.     The Foreclosure was commenced even though workout options were being discussed.

14.     In May, 2010 PK submitted a Request to Enter Default.

15.     On June 4, 2010 the Request to Enter Default was Filed.

16.     November 22, 2010 ; Defendants sent a letter regarding short sale.

17.     On December 1, 2010; PK sent Plaintiff a copy of the Request to Enter Default.

18.     In January, 2011 Plaintiff filed a motion to set aside the default in the underlying wrongful foreclosure action, Defendants PK opposed it and it was denied on February 4, 2011.

19.     Ultimately, Plaintiff sent a to letter to return the Deed and dissolve the Investors Option Contract in November, 2011.

20.     In April, 2012, the Contract was returned.

21.     In October, 2012 through January 2013, there was further litigation which ultimately was found in favor of Plaintiff, based on the fraudulent documentation produced.

4

22.     On May 13, 2013 a Qualified Written Request (QWR) was sent to WFB.

23.     Since there was no substantial response, another QWR was sent on June 25, 2013.

24.     After some bankruptcy filings primarily used to stave off the improper Foreclosure sale, a Notice of rescission was filed on July 3, 2015.

25.     On August 21, 2015, Defendants rejected Plaintiff's "Rescission Inquiry" but claimed they needed until September 4, 2015 to finalize the review.

26.     Finally, after years of fighting, the house was sold on May 4, 2016.

27.     On or about November 10, 2016 the Plaintiff first became aware of document examinations being performed by Mortgage Defense Systems and their services were subsequently retained.

28.     On or about November 25, 2016 Mortgage Defense System (hereinafter known as MDS) determined that the documents attached to WFB's complaint filed on Feb 4, 2010 and subsequently filed with the Union County Superior Court Chancery Division were to the highest degree of certainty produced through forgeries and fraudulent cloning, importing, duplicating, cut and paste methods to foreclose on the property of Plaintiffs. (See Exhibit B).

29.     MDS will testify in Court and to a high degree of certainty that the assumed authentic signatures on the documents in question were in actuality created by the use of "Photoshop" or similar software package.

30.     Specialized forensic examination equipment and software referenced in paragraph 27 have been used to detect forgery and fraudulent manipulation of forged signatures.

31.     The Forensic Document Examiner, from MDS will be able to support the findings that were found in this case and will state under cross-examination in any court, to the highest degree of certainty, that the documents were procured through forgery and fraud.

32.     The named defendants have operated in concert knowingly or unknowingly in a conspiratorial fashion to cause substantial injury to Plaintiff and increase their income many times over.

33.     The signatures on the signature pages of the Promissory Note and Mortgage were created through various methods of fraudulently creating documents as stated in Exhibit B and can be further elaborated on through testimony.

34.     MDS has supplied a current list of the equipment that was used to expose the intentional and enterprising endeavors of these defendants.[2]

---

[2] The professional equipment used by MDS in this current case, DRAKE vs. Defendants are as follows, Trinocular Stereo Microscope SE 305-15-45/ MiScope UVIR Ultra Violet Infra-Red Full Spectrum Comparator, Photographic Macro Close up 40X with CM Pixel Analysis, Pro-Scope Mobile Photographic Microscope/ Zarebeco Portable spectrum Comparator, Nikon Digital spectrum UVIR HD Camera 105mm Lens Macro Close Up, Forensic Beta Photographic Meta Data analysis Imaging Clone Detection Software. The parameters of analysis used in this scientific forensic examination and investigation are in accordance with the guidelines standard of the **ASTM,** American Society of Testing Materials E2290-07 formerly governed under the jurisdiction E30.02. The Affidavit of MDS will claim under oath that the results of his analysis proves to the highest degree of certainty that PK and other named defendants or their attorneys show that the signatures on the mortgage documents were not authentic. The analysis shows clear evidence of heavy document tampering and importation of signatures and forgery and that the documents examined were fraudulently created.

35.     Gary Michaels has proven through the "pink lines" that the documents used and produced by these named defendants were forged and fraudulently produced.

36.     The documents examined by MDS and the following assignments, promissory note, mortgage, and notaries are forged3, cloned and are to a high degree of certainty fraudulently created documents using Photoshop software and other software products, "Exhibit B".

37.     MDS has proven that the signatures on the documents were procured through forgeries and fraud in violation of the FDCPA.

**COUNT ONE – ALL DEFENDANTS**
**VIOLATIONS OF NEW JERSEY CIVIL RICO (N.J.S.A. 2C:41-1 ET SEQ.), and FEDERAL CIVIL RICO (18 USC §1962(C)); ACTIONABLE PURSUANT TO N.J.S.A. 2C:41-4C, and 18 USC § 1964(C);**

38.     The Plaintiff adopts the allegations set forth in the previous paragraphs as though fully set forth herein by reference.

39.     The Defendants designated in count one (1) constitute an "Enterprise" as defined in N.J.S.A. 2C:41-1 et seq. and 18 U.S.C. §1961(4).

40.     The enterprise and or enterprises have an existence apart from and beyond the racketeering activity complained of in this action.

41.     The Defendants designated in count one (1) violated the New Jersey and Federal Civil RICO statutes by conducting or participating, directly or indirectly, in the conduct of the affairs of an enterprise or enterprises, through a pattern of racketeering activity in violation of N.J.S.A. 2C:41-2(c) and -2(d), and 18 U.S.C. §1962(c), as set forth within ¶¶1-58 as though fully incorporated herein by reference.

42.     The Defendants knew or should have known that their actions were based upon forged and fraudulent documents in violation of the FDCPA including but not limited to Title 15 U.S.C. §1692 §§1692d(l), §1692e(2)(A), §1692e(3), §1692e(4), §1692e(5), §1692e(8), §1692e(l0), §1692e(l3) and §1692f(l).

43.     The acts by the Defendants designated in count one (1) constituted a pattern of racketeering activity that has continued and escalated beginning in or around November 17, 2007 and continues to present date.

44.     The acts by the defendants designated in count one (1) constituted prohibited activities in violation of N.J.S.A. 2C:41-2 and 18 U.S.C. §1962(c) for the Defendants have received income derived, directly or indirectly, from a pattern of racketeering activity or through collection of an unlawful debt in which they have participated as a principal within the meaning of N.J.S.A 2C:2-6 and 18 U.S.C. §1961(6) to use or invest, directly or indirectly, any part of the income, or the proceeds of the income, in acquisition of any interest in, or the establishment or operation of any enterprise which is engaged in or the activities of which affect trade or commerce.

45.     The acts by the Defendants constituted deceptive business practices in violation of N.J.S.A. 2C:21-7 for the Defendants made false or misleading written statements for the purpose of obtaining property, and false or misleading written statements for the purpose of promoting the sale of securities, and omitted information required by law to be disclosed in written documents relating to securities.

46.     The acts by the Defendants constituted tampering with or fabricating physical evidence in violation of N.J.S.A. 2C:28-6 for the defendants altered and or concealed records, documents, or other things of physical substance with purpose to impair its verity or availability

8

in such proceedings or investigations; and the defendants made, devised, prepared, presented, offered or used articles, objects, records, documents or other things of physical substance knowing them to be false and with purpose to mislead a public servant who is engaged in such proceeding or investigation.

47.     The acts by the Defendants constituted tampering with public records or information in violation of N.J.S.A. 2C:28-7 for the defendants knowingly made a false entry in, or false alteration of, any record, document or thing received or kept by, the government for information or record, and the Defendants made, presented, offered for filing, or used a record, document or thing knowing it to be false, and with purpose that it be taken as a genuine part of information or records.

48.     The acts by Defendants WFB constituted frauds relating to public records and recordable instruments in violation of N.J.S.A. 2C:21-3 for the defendants offered a false instrument for filing, knowing the written instrument contains a false statement or false information, and offered or presented it to a public office or public servant with knowledge or belief that it will be filed with, registered or recorded in or otherwise become a part of the records of such public office or public servant.

49.     The acts by the Defendants constituted securing execution of documents by deception in violation of N.J.S.A. 2C:21-16 for the Defendants caused or induced the Plaintiff to execute instruments affecting, purporting to affect, or likely to affect the pecuniary interest of the Plaintiff by means of deception as to the contents of the instruments.

50.     The acts by the Defendants constituted knowledge inferred in violation of N.J.S.A. 2C:21-26 for the defendants transported or possessed the Plaintiff's property in a fashion

inconsistent with the ordinary or usual means of transportation or possession of such property and where the property is discovered in the absence of any documentation or other indicia of legitimate origin or right to such property.

51.    The acts by the Defendants constituted conspiracy in violation of N.J.S.A. 2C:5-2 for the defendants agreed with each other, and or other persons, that they or one or more of them will engage in conduct which constituted such crime, and or they agreed to aid such other person or persons in the planning or commission of such crime or of an attempt or solicitation to commit such crime.

52.    The acts by the Defendants constituted forgery in violation of N.J.S.A. 2C:21-1 for the defendants, with purpose to defraud or injure the Plaintiff, with knowledge that they were facilitating a fraud or injury, they: (1) Altered and or changed instruments of another without their authorization; (2) made, completed, executed, authenticated, issued or transferred writings so that it purports to be the act of another who did not authorize that act or of a fictitious person, or to have been executed at a time or place or in a numbered sequence other than was in fact the case, or to be a copy of an original when no such original existed; or (3) Uttered writings which they knew to be forged in a manner specified above.

53.    The acts by the Defendants constituted impersonation and identity theft in violation of N.J.S.A. 2C:21-17 for the defendants obtained personal identifying information pertaining to the Plaintiff and used that information, or assisted another person in using the information, in order to assume the identity of or represent themselves as the Plaintiff, without that Plaintiff's authorization and with the purpose to fraudulently obtain or attempt to obtain a benefit or services by using the name of Plaintiff.

10

54.     The acts by the Defendants constituted mail fraud in violation of 18 U.S.C. §1341 for the defendants devised a scheme to defraud, obtain money, or the subject property by means of false or fraudulent pretenses, representations, or promises, to sell, dispose of, loan, exchange, alter, give away, distribute, supply, or furnish or procure for unlawful use counterfeit obligations, securities, for the purpose of executing such scheme or artifice, placed in post offices or authorized depository for mail matter, to be sent or delivered by the Postal Service, deposited, or caused to be deposited, to be sent or delivered by private or commercial interstate carrier, or knowingly caused to be delivered by mail or such carrier.

55.     The acts by the Defendants constituted fictitious name in violation of 18 U.S.C. §1342 for the defendants, for the purpose of conducting, promoting, or carrying on by means of the Postal Service, any scheme or device mentioned in 18 U.S.C. §1341, or any other unlawful business, used or assumed, or requested others to be addressed by, fictitious, false, or assumed titles, or names, other than their own proper name.

56.     The acts by the Defendants constituted wire fraud in violation of 18 U.S.C. §1343 for the defendants devised or intended to devise a scheme or artifice to defraud, for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, transmitted by means of wire in interstate commerce, writings for the purpose of executing such scheme or artifice.

57.     The acts by the Defendants constituted transportation of stolen goods, securities, moneys, and or articles used in counterfeiting in violation of 18 U.S.C. §2314 for the defendants transported, transmitted, or transferred in interstate commerce, securities of the value of $5,000.00 or more, knowing the same to have been stolen, converted or taken by fraud, and devised a scheme

11

or artifice to defraud, for obtaining money or property from the Plaintiff by means of false or fraudulent pretenses, representations, or promises, transported or caused to be transported interstate in the execution or concealment of a scheme or artifice to defraud the Plaintiff of money or property having a value of $5,000.00 or more, with unlawful or fraudulent intent, transported in interstate commerce falsely made, forged, altered, or counterfeited securities knowing the same to have been falsely made, forged, altered, or counterfeited.

58. The acts by the Defendants constituted interference with commerce by threats or violence in violation of 18 U.S.C. § 1951 for the defendants have: (a) obstructed, delayed, or affected commerce by robbery or extortion or attempted or conspired so to do, or committed or threatened physical removal of Plaintiff from the subject property, and the taking of the subject property under color of official right.

59. The acts by the Defendants constituted misprision of felony in violation of 18 U.S.C. § 4 for the defendants had knowledge of the actual commission of a felony cognizable by a court of the United States, and concealed said knowledge, and did not as soon as possible make known the same to some judge or other person in civil or authority under the United States.

60. The acts by the Defendants constituted bankruptcy fraud in violation of 18 U.S.C. §157 for the Defendants devised a scheme or artifice to defraud and for the purpose of executing or concealing such a scheme or artifice or attempting to do so, the Defendants filed falsely uttered documents in the Plaintiff's proceeding under title 11, and the Defendants made false or fraudulent representations, and claims in relation to the Plaintiff's proceeding under title 11.

61. The acts by Defendants constituted concealment of assets, false oaths and claims in violation of 18 U.S.C. §152 for the Defendants (1) knowingly and fraudulently concealed from the

12

trustee and this Court, the existence and location of property belonging to the estate of a debtor; (2) knowingly and fraudulently made false oaths or accounts in or in relation to the Plaintiff's case under title 11; (3) knowingly and fraudulently made false declarations, certificates, verifications, or statements under penalty of perjury as permitted under § 1746 of title 28, in relation to the Plaintiff's case under title 11; and (4) knowingly and fraudulently presented false claims for proof against the Plaintiff, and used such claim in the Plaintiff's case under title 11, in a personal capacity or as or through an agent, proxy, or attorney.

62.     The acts by the Defendants constituted alteration and falsification of records in bankruptcy in violation of 18 U.S.C. §1519 for the Defendants knowingly altered, concealed, covered up, falsified, and made false entries of record and documents, with the intent to impede, obstruct, or influence the investigation or proper administration of any matter within the jurisdiction of the Plaintiff's case filed under title 11.

63.     The acts by the Defendants constituted conspiracy against rights in violation of 18 U.S.C. §241 for the defendants conspired to injure, oppress, threaten, or intimidate the Plaintiff in the free exercise or enjoyment of rights or privilege secured to Plaintiff by the Constitution and laws of the United States, including but not limited to: (i) the right to contract; (ii) the right to own, maintain, and be secure in Plaintiff' property right from unlawful seizures; and (iii) to be free of usury.

64.     The Plaintiff avers that the aforementioned acts on the part of the defendants were intentional, willful, deliberate, wanton, reckless, actuated with forethought and malice, performed under color of law, without regard to the damage that these acts might cause the cross-plaintiff.

65.     The acts by the Defendants violates N.J.S.A. 2C:41-1 et seq. and 18 USC §1962(c)), and has caused injury to the Plaintiff as contemplated by N.J.S.A. 2C:41-4c, and 18 USC § 1964(c), in actual damages of emotional distress, loss of monies paid by the Plaintiff towards a fraud in factum "mortgage transaction", and other costs to defend the Plaintiff's property.

<b>PRAYER FOR RELIEF</b>

**WHEREFORE**, Plaintiff request that this Court enter judgment in their favor and against Defendants, as follows:

a.     Awarding Plaintiff actual damages against Defendants;
b.     Awarding Plaintiff damages for emotional distress against Defendants;
c.     Awarding Plaintiff attorneys' fees and costs against Defendants;
d.     Awarding Plaintiff punitive damages against Defendants;
e.     Awarding Plaintiff treble damages against Defendants
f.     Imposing any other appropriate monetary sanctions against Defendants; and
g.     Any other relief that this Court deems just and proper.

<u><b>COUNT TWO – ALL DEFENDANTS</b></u>
<b>VIOLATION OF THE NEW JERSEY CONSUMER FRAUD ACT (N.J.S.A. 56:8-2);
ACTIONABLE PURSUANT TO N.J.S.A. 56:8-19;</b>

66.     The Plaintiff adopts the allegations set forth in the previous paragraphs as though fully set forth herein by reference.

67.     The Defendants designated in Count Two have each used or caused to be employed by other persons unconscionable commercial practices, deception, fraud, false pretenses, false promises, misrepresentations, and knowingly concealed, suppressed, and omitted material facts with intent that the Plaintiff rely upon such concealment, suppression or omission, in connection with the "origination" of the "mortgage transaction' in dispute.

68.     The Plaintiff avers the unfair, deceptive, and unlawful practices by the Defendants misled and deceived Plaintiff Drake, resulting in damages thereby, constituting unlawful practices

14

in violation of N.J.S.A. 56:8-2, and has caused injury to Plaintiff Drake as contemplated by N.J.S.A. 56:8-19 in actual damages of emotional distress, loss of monies paid towards a *fraud in factum* "mortgage transaction", and other costs to defend the Plaintiff' property and reputation.

69.     At all times relevant and material hereto, if Defendants did own the debt as alleged, then the Plaintiff was a consumer of the Defendants goods and services and as such the conduct of the Defendants and the transaction was governed by the New Jersey Consumer Fraud Act N.J.S. A. 56:8-1 et seq.

70.     At all times relevant and material hereto the Defendants did violate the New Jersey Consumer Fraud Act by engaging in deceptive and fraudulent practices as stated above.

71.     The aforementioned responses  sent to Plaintiff and responses to the QWRs and Rescission letter were a violation of The False Claims Act 31 U.S.C. §§ 3729 - 3733, as in case *Gonzalez v. Wilshire Credit Corp.*, Supreme Court of New Jersey, August 29, 2011, A-99 September Term 2009, 065564 that held:

> "Lending institutions and their servicing agents are not immune from New
> Jersey's Consumer Fraud Act, N.J.S.A. §§ 56:8-1 to 56:8-195; they cannot
> prey on the unsophisticated, those with no bargaining power, those bowed
> down by a foreclosure judgment and desperate to keep their homes under
> seemingly any circumstances."

72.     In *Cox v. Sears Roebuck*, September 15, 1994 138 N.J. 2 A-123 September term 1993." the NJ Supreme Court held: "The amendment to the Consumer Fraud Act, *N.J. Stat. Ann. §§ 56:8-1* to 20, provides for private causes of action, with an award of treble damages, attorneys' fees, and costs."

73.     Upon "strict scrutiny" application, the Court would be compelled to protect Plaintiff against blatant fraud being perpetrated upon Defendants as well as the Court under the "color of law". To do otherwise would be a travesty of justice.

74.     "Like most remedial legislation, the Consumer Fraud Act, *N.J. Stat. Ann. §§ 56:8-1* to 20, should be construed liberally in favor of consumers."

75.     "An improper debt or lien against a consumer fraud plaintiff may constitute a loss under the Consumer Fraud Act, *N.J. Stat. Ann. §§ 56:8-1* to 20, (the Act) because the consumer is not obligated to pay an indebtedness arising out of conduct that violates the Act."

76.     The judgment was reversed and remanded to trial court with treble the damages.

77.     The actions of the Defendants, individually and/or jointly, were performed in direct contradiction to their promises of superior services and conduct, but instead for their own financial self-interests, in detriment to the rights and position of the Plaintiff.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff request that this Court enter judgment in his favor and against Defendants, as follows:

    a.    Awarding Plaintiff actual damages against Defendants;
    b.    Awarding Plaintiff damages for emotional distress against Defendants;
    c.    Awarding Plaintiff attorneys' fees and costs against Defendants;
    d.    Awarding Plaintiff punitive damages against Defendants;
    e.    Awarding Plaintiff treble damages against Defendants;
    f.    Imposing any other appropriate monetary sanctions against Defendants; and
    g.    Any other relief that this Court deems just and proper.

**COUNT THREE – ALL DEFENDANTS**
**FEDERAL FAIR DEBT COLLECTION PRACTICES ACT PURSUANT TO 15 U.S.C. §1692; ACTIONABLE PURSUANT TO 15 U.S.C. §1692K;**

98.     The Plaintiff adopts the allegations set forth in the previous paragraphs as though

fully set forth herein by reference.

99.    The Defendants designated in Count Three have each acted in the capacity of debt collectors as defined by the Federal FDCPA for none of the Defendants have evidence of being a creditor for the "mortgage loan" in dispute, and each Defendants have: (i) made false representations of the character, amount, and legal status of the debt in dispute, and the services rendered or compensation which may be lawfully received by the defendants as debt collectors for the collection of the debt in dispute; (ii) made the representation or implication that nonpayment of the debt in dispute will result in the sale of the subject property; and (iii) used false representations and deceptive means to collect or attempt to collect the debt in dispute by willfully misrepresenting WFB, Blue Water, and U.S. Bank as Trustee as the "owners and holders" of the debt in dispute knowing otherwise to be true.

100.    Defendants WFB commenced two foreclosure debt collection actions on March 31, 2009 and July 19, 2012, the latter of which WFB continued to eviction by making false representations as to the character, amount, and legal status of the debt in dispute, and resorted to false representations and deceptive means to collect the debt in dispute by willfully misrepresenting itself to be the "owner" of the debt, knowing otherwise to be true.

101.    The Plaintiff aver that the unlawful debt collection practices by the Defendants constituted false and misleading representations in violation of the Federal FDCPA and has caused injury to the Plaintiff as contemplated by 15 U.S.C. §1692 et seq., in actual damages of emotional distress, loss of monies paid by the Plaintiff towards a fraud *in factum* debt, and other costs to defend the Plaintiff' property and reputation.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff request that this Court enter judgment in his favor and against Defendants, as follows:

      a.     Awarding Plaintiff actual damages against Defendants;
      b.     Awarding Plaintiff damages for emotional distress against Defendants;
      c.     Awarding Plaintiff attorneys' fees and costs against Defendants;
      d.     Awarding Plaintiff punitive damages against Defendants;
      e.     Imposing any other appropriate monetary sanctions against Defendants; and
      f.     Any other relief that this Court deems just and proper.

<u>COUNT FOUR – ALL DEFENDANTS</u>
**VIOLATION OF THE FCRA**

102.    The Plaintiff adopts the allegations set forth in the previous paragraphs as though fully set forth herein by reference.

103.    Defendants violated the Fair Credit Reporting Act (the "FCRA"), 15 U.S.C. § 1681, et seq..

104.    At all times pertinent hereto, Defendants were a "person" as that term is defined by 15 U.S.C. § 1681a(b).

105.    During the course of the issues in this matter, Defendants reported false and derogatory information to a number of credit reporting agencies regarding Plaintiff' account.

106.    Thus, Defendants violated §s 1681n and 1681o of the FCRA by engaging in the following conduct:

      a.     willfully and negligently reporting false derogatory information to various credit reporting agencies regarding Plaintiff' account;
      b.     willfully and negligently failing to conduct an investigation of the inaccurate information that Plaintiff disputed;
      c.     willfully and negligently failing to review all relevant information concerning Plaintiff' account provided to Defendants;
      d.     willfully and negligently failing to report the results of investigations to the relevant consumer reporting agencies;
      e.     willfully and negligently failing to report the inaccurate status of the inaccurate information to all credit reporting agencies;

    f.      willfully and negligently failing to properly participate, investigate, and comply with the reinvestigations that were conducted by any and all credit reporting agencies concerning the inaccurate information disputed by Plaintiff;

    g.     willfully and negligently failing to provide any and all credit reporting agencies with the factual information and evidence that Plaintiff submitted to Defendants, and which proved that the information concerning Plaintiff' credit reports was inaccurate;

    h.     willfully and negligently continuing to furnish and disseminate inaccurate and derogatory credit, account, and other information concerning Plaintiff to the credit reporting agencies and other entities; and

    i.      willfully and negligently failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. § 1581s-2(b).

107.    Defendants' conduct was a direct and proximate cause, as well as a substantial factor, in causing the serious injuries, damages, and harm to Plaintiff in this matter.

108.    Accordingly, Defendants have violated the FCRA and Plaintiff Drake is entitled to relief herein.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff requests that this Court enter judgment in their favor and against Defendants, as follows:

    a.     Awarding Plaintiff actual damages against Defendants;

    b.     Awarding Plaintiff damages for emotional distress against Defendants;

    c.     Awarding Plaintiff attorneys' fees and costs against Defendants;

    d.     Awarding Plaintiff punitive damages and treble damages against Defendants;

    e.     Imposing any other appropriate monetary sanctions against Defendants; and

    f.     Any other relief that this Court deems just and proper.

## <u>COUNT FIVE – ALL DEFENDANTS</u>
## <u>UNJUST ENRICHMENT</u>

109.    The Plaintiff adopts the allegations set forth in the previous paragraphs as though fully set forth herein by reference.

110.    In establishing a claim for unjust enrichment, "a plaintiff must show both that Defendants received a benefit and that retention of that benefit without payment would be unjust." *VRG Corp. v. GKN Realty Corp.,* 135 NJ. 539, 554 (1994).

111.    As a result of its misrepresentations, Defendants have been unjustly enriched at the expense of the Plaintiff.

112.    It is clear that Defendants, either through intentional actions or gross negligence, gained possession of Plaintiff' house through an unlawful Sheriff sale.

113.    Accordingly, Defendants received a benefit, unjustly, through the sale of Plaintiff' home.

114.    The Plaintiff asserts the aforementioned acts on the part of the defendants were intentional, willful, deliberate, wanton, reckless, actuated with forethought and malice, performed under color of law, without regard to the damage that these acts might cause the Plaintiff.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff request that this Court enter judgment in his favor and against Defendants, as follows:

a.    Awarding Plaintiff actual damages against Defendants;
b.    Awarding Plaintiff damages for emotional distress against Defendants;
c.    Awarding Plaintiff attorneys' fees and costs against Defendants;
d.    Awarding Plaintiff punitive damages against Defendants;
e.    Imposing any other appropriate monetary sanctions against Defendants; and
f.    Any other relief that this Court deems just and proper.

## COUNT SIX -ALL DEFENDANTS
## NEGLIGENT MISREPRESENTATION

114.    The Plaintiff adopts the allegations set forth in the previous paragraphs as though fully set forth herein by reference.

115.    The Defendants to Count Six have each made negligent and false representations as to the character, legality, ownership, and possession of the "mortgage transaction" in dispute; without any reasonable ground for believing their representations to be true, with the intent to induce the Plaintiff into believing the Defendants's representations, causing the Plaintiff to act upon as the Defendants's desires, and causing injury to the Plaintiff in actual damages of emotional distress, loss of monies paid by the Plaintiff towards a fraud *in factum* "mortgage transaction", and other costs to defend the Plaintiff' property and reputation.

116.    The Plaintiff asserts the aforementioned acts on the part of the defendants were intentional, willful, deliberate, wanton, reckless, actuated with forethought and malice, performed under color of law, without regard to the damage that these acts might cause the Plaintiff.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff request that this Court enter judgment in his favor and against Defendants, as follows:

g.    Awarding Plaintiff actual damages against Defendants;
a.    Awarding Plaintiff damages for emotional distress against Defendants;
b.    Awarding Plaintiff attorneys' fees and costs against Defendants;
c.    Awarding Plaintiff punitive damages against Defendants;
d.    Imposing any other appropriate monetary sanctions against Defendants; and
e.    Any other relief that this Court deems just and proper.

## COUNT SEVEN -ALL DEFENDANTS
### FRAUDULENT CONCEALMENT

116.    The Plaintiff adopts the allegations set forth in the previous paragraphs as though fully set forth herein by reference.

117.    The Defendants to Count Seven have each fraudulently concealed from the Plaintiff: (i) material facts underlying the character, legality, ownership, and possession of the

21

"mortgage transaction" in dispute, (ii) with knowledge of the material facts, knowing material facts were not within reasonably diligent attention, observation, and judgment of the Plaintiff, (iii) while the defendants suppressed and or concealed the material facts with the intention that the Plaintiff be misled as to the character, legality, ownership, and possession of the "mortgage transaction" in dispute, (iv) the plaintiff was reasonably so misled; and (v) causing injury to the Plaintiff in actual damages of emotional distress, loss of monies paid by the Plaintiff towards a *fraud in factum* "mortgage transaction", and other costs to defend the Plaintiff; property and reputation.

118.    The Plaintiff asserts the aforementioned acts on the part of the defendants were intentional, willful, deliberate, wanton, reckless, actuated with forethought and malice, performed under color of law, without regard to the damage that these acts might cause the Plaintiff.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff request that this Court enter judgment in his favor and against Defendants, as follows:

a.    Awarding Plaintiff actual damages against Defendants;
b.    Awarding Plaintiff damages for emotional distress against Defendants;
c.    Awarding Plaintiff attorneys' fees and costs against Defendants;
d.    Awarding Plaintiff punitive damages against Defendants;
e.    Imposing any other appropriate monetary sanctions against Defendants; and
f.    Any other relief that this Court deems just and proper.

**COUNT EIGHT – ALL DEFENDANTS**
**CONSTRUCTIVE FRAUD**

119.    The Plaintiff adopts the allegations set forth in the previous paragraphs as though fully set forth herein by reference.

120.    The Defendants to Count Eight have each: (i) made false representations, (ii) as to the character, legality, ownership, and possession of the "mortgage transaction" in dispute, (iii) for

the purpose of inducing the Plaintiff to reply on such representations, (iv) for which the Plaintiff justifiably relied, and (v) caused injury to the Plaintiff in actual damages of emotional distress, loss of monies paid by the Plaintiff towards a *fraud in factum* "mortgage transaction", and other costs to defend the Plaintiff' property and reputation.

121.    The Plaintiff asserts the aforementioned acts on the part of the defendants were intentional, willful, deliberate, wanton, reckless, actuated with forethought and malice, performed under color of law, without regard to the damage that these acts might cause the Plaintiff.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff request that this Court enter judgment in their favor and against Defendants, as follows:

a.    Awarding Plaintiff actual damages against Defendants;
b.    Awarding Plaintiff damages for emotional distress against Defendants;
c.    Awarding Plaintiff attorneys' fees and costs against Defendants;
d.    Awarding Plaintiff punitive damages against Defendants;
e.    Imposing any other appropriate monetary sanctions against Defendants; and
f.    Any other relief that this Court deems just and proper.

## <u>COUNT NINE – ALL DEFENDANTS</u>
### CIVIL AIDING and ABETTING FRAUD

122.    The Plaintiff adopts the allegations set forth in the previous paragraphs as though fully set forth herein by reference.

123.    The Defendants to Count Ten have aided and abetted the unfair, deceptive, and unlawful practices engaged in by each Defendants as a collective effort to unlawfully procure monies from the Plaintiff under the duress of an unlawful foreclosure debt collection action by employing false evidence to conceal from the Plaintiff, State Court, and this Court the true character, legality, ownership, and possession of the "mortgage transaction" in dispute.

23

124.   The Plaintiff asserts the aforementioned acts on the part of the defendants were intentional, willful, deliberate, wanton, reckless, actuated with forethought and malice, performed under color of law, without regard to the damage that these acts might cause the Plaintiff.

125.   Defendants have caused injury to the Plaintiff in actual damages of emotional distress, loss of monies paid by the Plaintiff towards a *fraud in factum* "mortgage transaction", and other costs to defend the Plaintiff's property and reputation.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff request that this Court enter judgment in their favor and against Defendants, as follows:

    a.    Awarding Plaintiff actual damages against Defendants;
    b.    Awarding Plaintiff damages for emotional distress against Defendants;
    c.    Awarding Plaintiff attorneys' fees and costs against Defendants;
    d.    Awarding Plaintiff punitive damages against Defendants;
    e.    Imposing any other appropriate monetary sanctions against Defendants; and
    f.    Any other relief that this Court deems just and proper.

### COUNT TEN – ALL DEFENDANTS
### WILLFUL AND WANTON GROSS NEGLIGENCE

126.   The Plaintiff adopts the allegations set forth in the previous paragraphs as though fully set forth herein by reference.

127.   The Defendants to Count Ten have engaged in willful and wanton unfair, deceptive, and unlawful practices as a collective effort to unlawfully procure monies from the Plaintiff under the duress of an unlawful foreclosure debt collection action by employing false evidence to conceal from the Plaintiff, State Court, and this Court the true character, legality, ownership, and possession of the "mortgage transaction" in dispute.

128.   The Plaintiff assert the aforementioned acts on the part of the Defendants were

24

intentional, willful, deliberate, wanton, reckless, actuated with forethought and malice, performed under color of law, without regard to the damage that these acts might cause the Plaintiff, and has caused injury to the Plaintiff in actual damages of emotional distress, loss of monies paid by the Plaintiff towards a *fraud in factum* "mortgage transaction", and other costs to defend the Plaintiff' property and reputation.

129.    The Plaintiff asserts the aforementioned acts on the part of the defendants were intentional, willful, deliberate, wanton, reckless, actuated with forethought and malice, performed under color of law, without regard to the damage that these acts might cause the Plaintiff.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff request that this Court enter judgment in their favor and against Defendants, as follows:

    a.    Awarding Plaintiff actual damages against Defendants;
    b.    Awarding Plaintiff damages for emotional distress against Defendants;
    c.    Awarding Plaintiff attorneys' fees and costs against Defendants;
    d.    Awarding Plaintiff punitive damages against Defendants;
    e.    Imposing any other appropriate monetary sanctions against Defendants; and
    f.    Any other relief that this Court deems just and proper.

### COUNT ELEVEN – ALL DEFENDANTS
### CIVIL CONSPIRACY TO DEFRAUD

130.    The Plaintiff adopts the allegations set forth in the previous paragraphs as though fully set forth herein by reference.

131.    The Defendants to Count Eleven have willfully and wantonly engaged in the unfair, deceptive, and unlawful practices prohibited by the December 4, 2013 consent judgment entered in *In the Matter of WFB Mortgage Corporation*, and the January 3, 2018 consent judgment entered in Case No. 1:18-cv-00009, upon unlawfully procuring monies from the Plaintiff under the duress

of an unlawful foreclosure debt collection action by employing false evidence to conceal from the Plaintiff and the State Court of New Jersey during official proceedings by: (i) misrepresenting the true character, legality, ownership, and possession of the "mortgage transaction" in dispute; (ii) presenting false certifications and communications as to the amount due; and (iii) uttering forged, falsely acknowledged, and or void ab initio instruments to give the impression of transfers of the "mortgage loan" loan in dispute.

132.    The Plaintiff assert the aforementioned acts on the part of the Defendants were intentional, willful, deliberate, wanton, reckless, actuated with forethought and malice, performed under color of law, without regard to the damage that these acts might cause the Plaintiff,

133.    Defendants have caused injury to the Plaintiff in actual damages of emotional distress, loss of monies paid by the Plaintiff towards a *fraud in factum* "mortgage transaction", and other costs to defend the Plaintiff' property and reputation.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff request that this Court enter judgment in their favor and against Defendants, as follows:

a.    Awarding Plaintiff actual damages against Defendants;
b.    Awarding Plaintiff damages for emotional distress against Defendants;
c.    Awarding Plaintiff attorneys' fees and costs against Defendants;
d.    Awarding Plaintiff punitive damages against Defendants;
e.    Imposing any other appropriate monetary sanctions against Defendants; and
f.    Any other relief that this Court deems just and proper.

## COUNT TWELVE – DEFENDANTS
### UNLAWFUL CONVERSION

134.    The Plaintiff adopts the allegations set forth in the previous paragraphs as though fully set forth herein by reference.

26

135.    The Defendants to Count Twelve used false pretenses to fraudulently induce Plaintiff Drake into executing the fraud *in factum* "transaction" in dispute by: (i) misrepresenting that WFB was the lender while, simultaneously, omitting the third-party funding source to whom WFB was indebted, and the actual money source was omitted from the critical documents signed by the Plaintiff; (ii) misrepresenting the undertaking as a traditional residential "mortgage loan", while concealing and omitting from the Plaintiff that the transaction was actually a securities transaction; and (iii) creating Mortgage Backed Securities by pledging the aforementioned forged and stolen electronic note.

136.    Furthermore, the Defendants hereto each unlawfully converted the original terms and conditions set forth within the original "mortgage loan" in disputed upon unjustly creating an escrow account for property taxes and hazard insurance premiums when each agreement, from their inceptions, required only installments of principal and interest.

137.    The Plaintiff assert the aforementioned acts on the part of the Defendants were intentional, willful, deliberate, wanton, reckless, actuated with forethought and malice, performed under color of law, without regard to the damage that these acts might cause the Plaintiff, and has caused injury to the Plaintiff in actual damages of emotional distress, loss of monies paid by the Plaintiff towards a *fraud in factum* "mortgage transaction", and other costs to defend the Plaintiff' property and reputation.

138.    The Plaintiff asserts the aforementioned acts on the part of the defendants were intentional, willful, deliberate, wanton, reckless, actuated with forethought and malice, performed under color of law, without regard to the damage that these acts might cause the Plaintiff.

### PRAYER FOR RELIEF

27

**WHEREFORE**, Plaintiff request that this Court enter judgment in their favor and against Defendants, as follows:

      a.     Awarding Plaintiff actual damages against Defendants;

      b.     Awarding Plaintiff damages for emotional distress against Defendants;

      c.     Awarding Plaintiff attorneys' fees and costs against Defendants;

      d.     Awarding Plaintiff punitive damages against Defendants;

      e.     Imposing any other appropriate monetary sanctions against Defendants; and

      f.     Any other relief that this Court deems just and proper.

**COUNT THIRTEEN – ALL DEFENDANTS**
**BREACH OF CONTRACT**

139.    The Plaintiff adopts the allegations set forth in the previous paragraphs as though fully set forth herein by reference.

140.    At all times relevant and material hereto the Defendants did breach the contractual terms of the original "mortgage loan" agreement in deceptive and fraudulent practices as hereinbefore set forth.

141.    To establish negligence under New Jersey law, a plain- tiff must prove four core elements: (1) a duty of care; (2) a breach of that duty; (3) proximate cause; and (4) actual damages. *Polzo v. County of Essex*, 960 A.2d 375, 196 N.J. 569, 584 (2008).

142.    Defendants all had a duty of care towards Plaintiffs in this matter and they breached that duty of care with the aforementioned actions.

143.    The conduct of Defendants was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, damages, and harm to Plaintiffs that are outlined more fully above and, as a result, Defendants are liable to compensate Plaintiffs for the full amount of actual, compensatory, and punitive damages, as well as other such relief, as permitted by law.

144.    Plaintiffs seeks actual and compensatory damages for particular material, economic or financial losses suffered directly by his as the proximate result of the injury.

145.    The Plaintiff asserts the aforementioned acts on the part of the defendants were intentional, willful, deliberate, wanton, reckless, actuated with forethought and malice, performed under color of law, without regard to the damage that these acts might cause the Plaintiff.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff request that this Court enter judgment in their favor and against Defendants, as follows:

a.    Awarding Plaintiff actual damages against Defendants;
b.    Awarding Plaintiff damages for emotional distress against Defendants;
c.    Awarding Plaintiff attorneys' fees and costs against Defendants;
d.    Awarding Plaintiff punitive damages against Defendants;
e.    Imposing any other appropriate monetary sanctions against Defendants; and
f.    Any other relief that this Court deems just and proper

**COUNT FOURTEEN – ALL DEFENDANTS**
**DEFAMATION**

146.    The Plaintiff adopts the allegations set forth in the previous paragraphs as though fully set forth herein by reference.

147.    At all times relevant herein, Defendants have published statements both orally and through writing to various credit reporting agencies, collection agencies, and/or attorneys that are false and negative representations concerning Plaintiff Drake's credit information and history.

148.    At a minimum, Defendants have published these statements each time Plaintiff has reached out to Defendants and each time other credit reporting agencies reached out to Defendants and each time a credit reporting agency has reinvestigated any dispute raised by Plaintiff, including but not limited to, the disputes identified herein.

29

149.    The statements made by Defendants are false, as Plaintiff never actually defaulted on any debt that she allegedly owed to Defendants.

150.    Defendants have published these statements to a number of credit reporting agencies, including the three major credit bureaus.

151.    Defendants knew, or should have known, that the statements that it made were false when made and that it had no factual basis for making the statements that it did, as Plaintiff had notified Defendants that the statements were false for the aforementioned reasons and, nevertheless, Defendants continue to publish such statements up to and through the present time.

152.    The written statements and publications are libel per se.

153.    The oral statements and publications are slander per se.

154.    In addition, and despite the repeated notices from Plaintiff, Defendants have acted with malice by failing to communicate the information provided to it by Plaintiff to credit reporting agencies when responding to the reinvestigation attempts of such credit reporting agencies.

155.    The conduct of Defendants was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, damages, and harm to Plaintiff that are outlined more fully above and, as a result, Defendants are liable to compensate Plaintiff for the full amount of actual, compensatory, and punitive damages, as well as other such relief, as permitted by law.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff requests that this Court enter judgment in their favor and against Defendants, as follows:

            a.      Awarding Plaintiff actual damages against Defendants;
            b.      Awarding Plaintiff damages for emotional distress against Defendants;

c.   Awarding Plaintiff attorneys' fees and costs against Defendants;
d.   Imposing any other appropriate monetary sanctions against Defendants; and
e.   Any other relief that this Court deems just and proper.

### COUNT FIFTEEN – ALL DEFENDANTS
### VIOLATION OF TILA AND RESPA

156.   The Plaintiff adopts the allegations set forth in the previous paragraphs as though fully set forth herein by reference.

157.   Defendants WFB willfully omitted and concealed from the Plaintiff from the inception of the "mortgage loan" in dispute that the Defendants was being compensated by a third-party financier for WFB "originating" the "mortgage loan" in dispute in the Defendants's name as the lender, while WFB simultaneously collected fees from Plaintiff Drake in violation of 15 U.S.C. § 1639b(c).

158.   The Defendants, collectively, failed to either reply with complete responses, they failed to reply at all, and or they replied with false responses to the Plaintiff's Qualified Written Requests, constituting violations of 12 U.S.C. § 2605, et seq..

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff requests that this Court enter judgment in their favor and against Defendants, as follows:

a.   Awarding Plaintiff any and all damages against Defendants allowable by law;
b.   Awarding Plaintiff attorneys' fees and costs against Defendants;
c.   Imposing any other appropriate monetary sanctions against Defendants; and
d.   Any other relief that this Court deems just and proper.

### COUNT SIXTEEN – ALL DEFENDANTS
### QUIET TITLE

31

159.    The Plaintiff adopts the allegations set forth in the previous paragraphs as though fully set forth herein by reference.

160.    N.J.S.A. 2A:62-1 permits a person "*in the peaceable possession of lands*" to bring an action to "*clear up all doubts and disputes*" concerning some other person's claim to "*a lien or encumbrance thereon*."

161.    There is a dispute as to whether any of the Defendants are legally entitled and parties in possession of the original paper note and mortgage in dispute, the legality of the transaction from which the instruments derive, and whether any of the Defendants have any right or interest in the property based upon their purported rights and possession of fraud *in factum* instruments.

162.    Plaintiff seek clarification of the validity or reach of their title in circumstances that otherwise preclude a forum for the resolution of such a dispute, pursuant to N.J.S.A. 1A:62-1.

163.    At all times relevant hereto, Defendants and other entities related to Defendants have claimed an interest and/or estate in the Property adverse to Plaintiff.

164.    Specifically, Defendants allege and/or have alleged that they have some kind of underlying interest in the Property upon Defendants' reliance upon the aforementioned forged, falsely acknowledged, and void *ab initio* instruments of record starting with the falsely made and fraud in factum "security instrument" in dispute that was recorded by the Union County Clerk on December 5, 2007.

165.    Plaintiff, therefore, alleges that, upon information and belief, none of the Defendants herein hold a perfected and/or secured interest and/or claim in the Property and, as such, Defendants are estopped and precluded from asserting any claim against Plaintiff' estate.

166.    There is currently no other forum for an adjudication of the dispute herein and there

are no other adequate remedies at law.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff requests that this Court enter judgment in their favor and against

Defendants, as follows:

a.      Awarding Plaintiff actual damages against Defendants;
b.      Awarding Plaintiff damages for emotional distress against Defendants;
c.      Awarding Plaintiff attorneys' fees and costs against Defendants;
d.      Awarding Plaintiff punitive damages against Defendants;
e.      Imposing any other appropriate monetary sanctions against Defendants; and
f.      Any other relief that this Court deems just and proper.


                                        ___/s/ Joshua Thomas, Esq._____
                                        Joshua Thomas, Esq.
                                        *Attorneys for Plaintiff,*

Dated: 12/08/18